# IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIN DECESARE, AN INDIVIDUAL,
Appellant,
vs.
BRYCE TIRRELL, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF JEROME O. BLOMBERG; STEVEN
SUSOEFF, AN INDIVIDUAL; IONA
INVESTMENTS, LLC, A NEVADA
LIMITED LIABLITY COMPANY; IONA
PROPERTIES, LLC, A NEVADA
LIMITED LIABILITY COMPANY; AND
I ADMINISTRATIVE TRUST, AN
ENTITY,
Respondents.

No. 71193

FILED

JUL 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a final judgment in a contract action. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.[1]

This case involves a dispute over business proceeds. Appellant and Jerome Blomberg had a romantic relationship and began a business investing in and managing real estate in Las Vegas.[2] After the personal relationship deteriorated, appellant sought a share of the business proceeds based on her argument that she and Blomberg had entered an oral partnership agreement. The district court concluded that appellant had not

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Blomberg died during the pendency of this litigation. Respondents are Blomberg's estate, the LLCs he formed to operate this business, and the president of those LLCs.

19. 31202

shown that the parties had a binding agreement or that equitable relief was warranted. Appellant challenges that determination.

Appellant first argues that respondents breached a contract she had with Blomberg. The district court concluded that there was no breach after finding that no contract had been formed between appellant and Blomberg because they did not agree on all of the material terms of their business arrangement. *See May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005) (providing that an enforceable contract requires a meeting of the minds regarding all material terms); *Maloney v. Pihera*, 573 N.E.2d 1379, 1388 (Ill. App. Ct. 1991) (holding that a partnership is a contractual relationship and that parties must have a meeting of the minds about material matters to form a partnership). Substantial evidence supports the district court's finding, which is not clearly wrong. *See May*, 121 Nev. at 672-73, 119 P.3d at 1257.

The record shows that appellant sought equal control over business decisions, while Blomberg insisted on retaining control; appellant disputed that Blomberg should receive interest on his capital contributions, which he insisted on receiving; and they did not agree about how the business should dissolve if they could not get along. Further, appellant conceded that Blomberg insisted that their agreement be in writing, and, despite extensive negotiations with the assistance of counsel and multiple draft agreements, the parties never executed a written contract. *See Tropicana Hotel Corp. v. Speer*, 101 Nev. 40, 44, 692 P.2d 499, 502 (1985) (concluding that an incomplete oral agreement, where the parties had contemplated written memorialization, was not a binding contract). The parties did not reach an agreement about material terms of their arrangement, and thus no binding contract was formed or later breached.

*See id.* at 42, 692 P.2d at 501. Appellant's reliance on a purported oral agreement to share profits—but not losses—is unavailing because that agreement was incomplete where it did not resolve these important terms. *See id.*; *see also Las Vegas Mach. & Eng'g Works, Inc. v. Roemisch*, 67 Nev. 1, 8-9, 213 P.2d 319, 322-23 (1950) (noting that an agreement to share profits does not conclusively establish a partnership and that the absence of an agreement to share losses is significant). And as there was no contract, appellant's dependent claim that respondent Steven Sussoef intentionally interfered with that contract also fails. *See J.J. Indus., LLC v. Bennett*, 119 Nev. 269, 274, 71 P.3d 1264, 1267 (2003). The district court therefore did not err in denying these claims.

Appellant next argues that the district court erred in concluding that she was not entitled to relief in quantum meruit for unjust enrichment where she had received substantial monthly payments from Blomberg.[3] Appellant argues that she was entitled to 50% of the business's profits under quantum meruit. Appellant acknowledged that she was paid between $15,000 and $20,000 per month during the relevant period, and the district court concluded that she had not shown that respondents were unjustly enriched. Quantum meruit permits a party to recover the market value of goods or services when the party provides a benefit to another, and it would be unjust to permit that party to retain the benefit without paying for it. *Certified Fire Prot. Inc. v. Precision Constr., Inc.*, 128 Nev. 371, 380-82, 283 P.3d 250, 256-58 (2012). Appellant did not proffer any evidence

---

[3]Appellant's services to the business after May 1, 2012, were pursuant to the "Consulting Agreement," and appellant may not recover by quasi-contract where a written contract controlled. *See Leasepartners Corp. v. Robert L. Brooks Tr. Dated November 12, 1975*, 113 Nev. 747, 755, 942 P.2d 182, 187 (1997).

about the reasonable market value of her services, has not shown that the value of her services exceeded that of the compensation she received, and thus has not shown that respondents were unjustly enriched. *See Ewing v. Sargent*, 87 Nev. 74, 81, 482 P.2d 819, 823 (1971) (concluding that recovery in quantum meruit was not warranted where the claimant did not show that the value provided exceeded that received). Appellant's claim that the market value of her services was the benefit she sought to recover from the purported contract fails because quantum meruit does not permit enforcing nonviable contracts. *See Martin H. Bauman Assocs., Inc. v. H & M Int'l Transp., Inc.*, 567 N.Y.S.2d 404, 408 (App. Div. 1991) ("[Quantum meruit] is certainly not a device wherein a plaintiff may enforce a purported agreement which might ultimately be found not to be viable."). The district court therefore did not err in denying this claim.

Appellant next argues that she was denied her right to a jury trial. Notwithstanding that appellant affirmatively waived that right and stated that she preferred a bench trial, *cf.* NRCP 39(a)(1) (providing that the parties may stipulate to a bench trial), appellant raises this issue for the first time on appeal, and we decline to consider it in the first instance. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

Lastly, appellant argues that the district court's order should be voided because the parties' settlement agreement deprived it of jurisdiction and that the settlement agreement should be enforced. The record belies that the parties reached a settlement. While the parties stated that they had reached a settlement agreement at the settlement conference,

appellant later testified that the purported agreement was not complete because it left several material issues unresolved that the parties subsequently continued to negotiate, to no avail. *See May*, 121 Nev. at 672, 119 P.3d 1257 (stating that a settlement agreement cannot be enforced until agreement is reached as to all material terms). Appellant thus has not shown that relief is warranted on this ground.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Kenneth C. Cory, District Judge
Kathleen J. England, Settlement Judge
Law Office of Justin Patrick Stovall
Singer & Larsen P.C.
Eighth District Court Clerk